IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **ARNETTA DUNCAN-WATTS**, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **NESTLE USA, INC.** and **NESTLE PREPARED FOODS COMPANY**, | **JURY DEMAND ENDORSED HEREON** |
| Defendants. |  |

Plaintiff Arnetta Duncan-Watts ("Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendants Nestle USA, Inc. and Nestle Prepared Foods Company (collectively "Defendants"), state and allege as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all hourly workers currently or previously employed by Defendants in Ohio within the two years preceding the filing of this Action.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

**PARTIES**

7. Plaintiff is an adult individual residing in Cleveland, Ohio.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendants as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

10. Defendant Nestle USA, Inc. is a for-profit Delaware corporation that is registered as a foreign corporation in Ohio. Defendant Nestle USA, Inc. can be served through its statutory agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

11. Defendant Nestle Prepared Foods Company is a for-profit Pennsylvania corporation that is registered as a foreign corporation in Ohio. Defendant Nestle Prepared Foods Company can be served through its statutory agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

12. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

13. At all relevant times, Defendants comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's written Consent to Join this Action is attached to this Complaint as Exhibit A.

## FACTUAL ALLEGATIONS

16. Plaintiff was employed by Defendants for approximately 18 years in their facility in Solon, Ohio as a production employee, until her separation in 2018. Other similarly situated production employees are and were employed in Defendants' facility in Solon, Ohio, as well as in Defendant's other manufacturing facilities throughout the United States.

17. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

18. Prior to the start of their shift, Plaintiff and other similarly situated employees were required to don uniforms, sanitary clothing, and personal protective equipment, including, among other things, pants, shirts, lab coats, hair nets, steel-toed shoes, and safety glasses.

19. Defendants required Plaintiff and other similarly situated employees to don their uniforms, sanitary clothing, and personal protective equipment while at Defendants' facility, but prior to clocking in at the start of their shift.

20. After donning their uniforms, sanitary clothing, and personal protective equipment, Plaintiff and other similarly situated employees were required to walk from Defendants' locker room to Defendants' time clock.

21. Because Defendants prohibited Plaintiff and other similarly situated employees from clocking in prior to the start of their shift, Plaintiff and other similarly situated employees were required to wait at the time clock until the start of their scheduled shift, at which time Plaintiff and other similarly situated employees were permitted to clock in and enter Defendants' production facility.

22. At the end of their scheduled shift, Plaintiff and other similarly situated employees were required to clock out prior to doffing their uniforms, sanitary clothing, and personal protective equipment.

23. After clocking out, Plaintiff and other similarly situated employees walked from the time clock to Defendants' locker room, at which time they could remove their uniforms, sanitary clothing, and personal protective equipment.

24. The time Plaintiff and other similarly situated employees spent donning and doffing their uniforms, sanitary clothing, and personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit in that it helped keep Defendants' facility safe and sanitary, and it helped promote a more safe and efficient manufacturing and packaging process.

25. Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek in the three years preceding the filing of this Action, including donning and doffing time and associated travel.

26. Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their uniforms, sanitary clothing, and personal protective equipment, and associated travel. In fact, Plaintiff and other similarly situated employees were subject to discipline if they were "on the clock" while donning and doffing their uniforms, sanitary clothing, and personal protective equipment.

27. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

28. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

29. Upon information and belief, Defendants failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiffs and other similarly situated employees.

30. The amount of time Plaintiffs and other similarly situated employees spent on their unpaid work was approximately ten to fifteen minutes or more each day. This resulted in approximately 50 minutes to 1 hour and 25 minutes or more of unpaid overtime per class member, per week.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

32. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All former and current hourly production employees at any of Defendants' facilities in Ohio who engaged in donning, doffing, and/or related travel but were not paid for that time within three (3) years preceding the date of the filing of this Action to the present**.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

34. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other current or former persons employed by Defendants in Ohio within the last two years ("Ohio Class") defined as:

> **All former and current hourly production employees at any of Defendants' facilities in Ohio who engaged in donning, doffing, and/or related travel but were not paid for that time within two (2) years preceding the date of the filing of this Action to the present**.

36. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, aver that it consists of at least several hundred persons.

37. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to pay their employees for donning and doffing time and associated travel, and whether that resulted in the underpayment of overtime.

38. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

43. Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

44. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

45. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Defendants' practice of not paying Plaintiff and other similarly situated employees for donning or doffing time and associated travel each day resulted in the underpayment of overtime in violation of Ohio law.

48. As a result of Defendants' practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
Christopher J. Lalak (0090079)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com
clalak@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle
*Counsel for Plaintiff*