**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Arnetta Duncan-Watts, ) | CASE NO. 1:19 CV 01437 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | Memorandum of Opinion and Order |
| Nestle USA, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

This matter is before the Court upon Defendants Nestle USA, Inc.'s and Nestle Prepared Foods Company's Motion to Dismiss (Doc. 19). This case arises out of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). For the reasons that follow, defendants' Motion to Dismiss is DENIED.

## FACTS

Plaintiff, Arnetta Duncan-Watts, filed this lawsuit on behalf of herself and all other similarly situated individuals against defendants Nestle USA, Inc. and Nestle Prepared Foods Company ("defendants"), asserting overtime violations under both the FLSA and Ohio law. On

1

August 29, 2019, plaintiff filed a first amended collective and class action complaint ("Complaint"), which again asserted overtime violations under both the FLSA and Ohio law.

For purposes of ruling on the pending motion, the facts asserted in the Complaint are presumed to be true.

Defendants are subsidiaries of Nestle S.A. ("Nestle"), the world's largest food and beverage company. Nestle trains its employees to "fully adhere to the principles of good food hygiene." Defendants are regulated by the U.S. Food and Drug Administration ("FDA") and are subject to the Federal Food, Drug, and Cosmetic Act ("FDCA"). In enforcing the FDCA, the FDA has imposed Good Manufacturing Practices ("GMP") for the manufacturing, packing, and holding of human food. The GMP has an entire section of regulations for those working in direct contact with food, food-contact surfaces, and food packaging materials, including wearing certain outer garments, gloves, and hairnets. If defendants do not comply with the GMP, they could be held criminally liable.

Plaintiff was employed by defendants for approximately 18 years in their Solon, Ohio facility. She was a production employee, involved in the manufacturing, packaging, and handling of food. She was non-exempt and paid hourly. Compliance with the GMP is a component of plaintiff's job. This included wearing sanitary clothing, uniforms, pants, shirts, lab coats, hair nets, gloves, steel-toed shoes, and safety glasses. Plaintiff would be unable to complete her job duties unless she was wearing the sanitary clothing and other protective equipment required by law.

The donning and doffing of this sanitary clothing and protective equipment is plaintiff's first and last principal activity of each workday. Plaintiff was required to don the sanitary

clothing and other protective equipment at defendants' facility, but prior to clocking in at the start of her shift.  After donning this clothing, plaintiff walked from defendants' locker room to the time clock.  Plaintiff was required to wait at the time clock until the start of her scheduled shift before she could clock in.  At the end of her shift, plaintiff was required to clock out prior to doffing her sanitary clothing and protective equipment.  After clocking out, she would walk from the time clock to the locker room to remove her sanitary clothing and protective equipment.

Plaintiff regularly worked over 40 hours in a workweek, including time spent donning and doffing her clothing and walking to and from the time clock.  However, she was not paid for the time spent donning and doffing or for the associated travel.  She was subject to discipline for "stealing time" if she was "on the clock" while donning and doffing her sanitary clothing and protective equipment.  As a result of her not being paid for this time, she was not paid overtime compensation for the hours worked in excess of 40 each workweek.  She was not paid for approximately 10-15 minutes each workday, averaging to "50 minutes to 1 hour and 25 minutes or more of unpaid overtime" each week.

The Complaint contains two claims for relief.  Count One, brought by plaintiff on behalf of herself and all others that are similarly situated, is a claim for unpaid overtime and failure to maintain required records under the FLSA.  Count Two, brought by plaintiff on behalf herself and all others that are similarly situated, is a claim for unpaid overtime under the OMFWA.

This matter is now before the Court upon defendants' Motion to Dismiss.  Defendants move to dismiss the Complaint, arguing plaintiff fails to state a claim upon which relief can be granted.  Plaintiff opposes the motion in its entirety.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

**I.      FLSA claim (Count One)**

Defendants argue plaintiff's FLSA claims must be dismissed because plaintiff is unable to plead facts showing that the donning and doffing of her sanitary clothing and protective equipment is compensable under the FLSA. According to defendants, "the entire legal premise of [plaintiff's] claims is invalid" because such donning and doffing time is not compensable under relevant legal precedent. According to plaintiff, she has alleged sufficient facts to establish that the donning and doffing at issue in this case is compensable under the FLSA.

The FLSA obligates employers to compensate employees for each hour worked in excess of 40 per week at a rate of one and a half times the employees' regular wages. 29 U.S.C. § 207(a). However, when the FLSA was enacted in 1938, it did not define "work." *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 31 (2014). The Supreme Court, in a series of decisions, initially created an "expansive" definition of work, which "provoked a flood of litigation." *Id.*       In response, Congress enacted the Portal-to-Portal Act. *Id.* at 32. This legislation exempted employers from overtime liability with respect to two work related activities: (1) walking, riding, or traveling to or from the actual place of performance of the principal activity or activities which such employee is employed to perform and (2) activities which are preliminary to or postliminary to said principal activity or activities. *Id. See also* 29 U.S.C. §254(a).

The Supreme Court "has consistently interpreted the term principal activity or activities to embrace all activities which are an integral and indispensable part of the principal activities." *Integrity Staffing*, 574 U.S. at 33 (internal citations and quotations omitted). An activity is considered "integral and indispensable to the principal activities that an employee is employed to

5

perform—and thus compensable under the FLSA—if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Id.* at 37. The Supreme Court has found that it is an error to "focus[ ] on whether an employer required a particular activity" or apply "[a] test that turns on whether the activity is for the benefit of the employer" when determining if any activity is integral or indispensable. *Id*. at 36.

Upon review, the Court concludes that plaintiff's allegations, if accepted as true, could state a plausible claim for relief. Plaintiff was a production employee, involved in the manufacturing, packaging, and handling of food. Plaintiff alleges that compliance with FDA regulations was a component of her job and that it is defendants' policy to train its employees to "fully adhere to the principles of good food hygiene." She alleges that she could not complete her work unless she was wearing the sanitary clothing and protective equipment required by law.

Further discovery may or may not establish that donning and doffing was truly integral and indispensable to plaintiff's job duties.[1] However, at this stage of the proceedings, it would be inappropriate to dismiss plaintiff's allegations. Plaintiff has stated a plausible claim that her

---

[1] The Court notes that defendants have presented evidence that their employees are subject to a policy which permits them to don their uniforms and protective equipment at home. The Department of Labor has indicated that when employees are permitted to don their required gear at home, it cannot be considered a principal activity. *See Department of Labor, Wage and Hour Advisory Memorandum,* No. 2006-2, WHLCP APP 6A (May 31, 2006). However, the defendants reference this policy within their brief in opposition to plaintiff's motion for conditional certification. Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir.2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp*., 607 F.3d 1102, 1104 (6th Cir. 2010). Accordingly, the Court did not consider this evidence when ruling on the Motion to Dismiss.

6

donning and doffing time was integral and indispensable to her principal activities and, therefore, not categorically exempt from coverage under the FLSA.

Defendants contend that plaintiff's FLSA claim fails as a matter of law under both Sixth Circuit and Supreme Court precedent. Defendants assert that *Franklin v. Kellogg Co.*, 619 F.3d 604 (6th Cir. 2010) was a "nearly identical situation," in which the Sixth Circuit found that the sanitary clothing of food production employees was "not 'necessary' under the integral and indispensable analysis." This is a misreading of the Sixth Circuit's decision.

In *Franklin,* the Sixth Circuit adopted a three-factor test to determine whether or not an activity was integral and indispensable to an employee's principal activities. *Franklin*, 619 F.3d at 620. Several years after *Franklin*, the Supreme Court issued *Integrity Staffing Solutions v. Busk*, and expressly rejected two of the three factors enunciated in *Franklin*, *i.e.,* whether an employer required an activity or if the activity was for the benefit of the employer. 574 U.S. 27, 36 (2014).

Defendants maintain that under the only remaining factor from *Franklin, i.e.* whether an activity is necessary for an employee to complete their duties, plaintiff's claim fails as a matter of law. Defendants reason that because plaintiff has not alleged or shown that she could not have "physically performed" her job duties without the sanitary clothing and equipment, under *Franklin*, the donning and doffing activity cannot be considered necessary. The Court disagrees. In *Franklin*, the Sixth Circuit did not hold that if an employee could physically perform their job without donning equipment, then the donning of such equipment could never be considered "necessary." Rather, the Sixth Circuit merely noted "it was difficult to say" that the donning of such equipment was necessary, but ultimately, and upon consideration of all three factors, found

7

the donning and doffing at issue was a principal activity. *Franklin,* 619 F.3d at 620.

Defendants appear to argue that if an employee can physically perform their job without engaging in the donning and doffing of equipment, then such donning and doffing cannot be considered integral and indispensable under any circumstances. However, this is the not the test enunciated by the Supreme Court in *Integrity Staffing*, nor it is consistent with Supreme Court precedent. In *Integrity Staffing*, the court found that the time spent undergoing post-shift employer-required security screenings was noncompensable under the FLSA because these screenings were not tied to the duties that the employees were employed to perform and could have been eliminated without affecting the employees' ability to perform their job duties. 574 U.S. 35-36. The Supreme Court's focus was on what the employees were hired to do, *i.e.* retrieve and package products, not the physical ability of the employees to complete their jobs without the screening. Moreover, the activities at issue in *Integrity Staffing* were wholly unrelated to the performance of the employees' tasks – the employees had completed their job duties and underwent an anti-theft screening process as they left their employer's warehouse. 574 U.S. at 29-30. By contrast, donning and doffing protective gear to keep food sanitary is linked with the performance of plaintiff's job duties of food manufacturing and packaging. Indeed, "[t]he integral and indispensable test is tied to the productive work that the employee is employed to perform." *Id* at 36.

Additional Supreme Court precedent illustrates this point. The Supreme Court has held that the time battery plant employees spend showering and changing clothes is compensable because it is inextricably interrelated to the performance of an employee's work in such environment. *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956). Similarly, time spent sharpening

knives for work at a slaughterhouse is considered integral and indispensable because "razor sharp" knives are required to safely and effectively produce clean and aesthetically pleasing cuts of meat. *Mitchell v. King Packing Co.*, 350 U.S. 260, 262-263 (1956). Under both of these examples, the employees in question could arguably "physically perform" their jobs, but because the activities in question were directly related to their principal activities, they were compensable.[2]

Based upon this precedent, the Court finds that plaintiffs' claims are not precluded at the motion to dismiss stage. Plaintiff alleges that defendants have a policy to "fully adhere to the principles of good food hygiene" and hold themselves out as a company that complies with all food safety regulations. Technically, defendants' food production employees could perform their jobs in their street clothes, as defendants suggest, but defendants' own policies and desire to comply with federal regulations create a link between the donning and doffing and the principal activities of its food production employees. Accepting plaintiff's allegations as true, she was not only hired to manufacture, package, and handle food, but to produce and package food in compliance with all federal regulations and Nestle's own sanitary standards. The donning and doffing of such sanitary equipment is tied to these purported job duties.

---

[2] Defendants argue the employees in *Mitchell* could not physically perform their job of cutting meat unless their knives were sharpened. However, meat can be cut with dull knives. The Supreme Court found that time spent sharpening knives was compensable not because the employees could not "physically perform" their jobs without sharpened knives, but because dull knives would "slow down production" on the assembly line, "affect the appearance of the meat as well as the quality of the hides," "cause waste," and lead to "accidents." *Miitchell*, 350 U.S. at 262. Similarly, while plaintiff could package and manufacture food products without any sanitary clothing, the lack of such clothing could impact her ability to effectively complete her purported job duties on the food production line.

9

Defendants also argue that even if plaintiff can establish that the donning of her work clothes is indispensable under the FLSA, her claims would still fail because she has not "sufficiently alleged that these activities are an intrinsic part of her undefined food production work." An "activity is 'integral and indispensable' if it is an intrinsic element of the employee's principal activities and one with which the employee cannot dispense of he is to perform his principal activities." *Integrity Staffing*, 574 U.S. at 33. For all the reasons set forth above, the Court finds that plaintiff has alleged enough to show that the donning and doffing of the sanitary clothing[3] was intrinsically related to her job duties as a food production employee.

Accordingly, the Court concludes that plaintiff has sufficiently alleged an FLSA overtime claim against defendants. The Court DENIES this portion of Defendants' Motion to Dismiss.

## II. OMFWSA Claim (Count Two)

In addition to her FLSA claim, plaintiff alleges overtime violations under the OMFWSA. Similar to her FLSA claim, plaintiff alleges the defendants' practice of not paying plaintiff, and other similarly situated employees, "for donning and doffing time and associated travel each day resulted in the underpayment of overtime in violation of Ohio law."

Defendants argue plaintiff's OMFWSA claim must be dismissed because Ohio and FLSA overtime claims are analyzed under the same standard. Defendants maintain that since plaintiff's

---

[3] Defendants also argue that plaintiff's allegations regarding her "wait and travel time" following the donning of her sanitary clothing must be dismissed. However, this walking and travel time may be compensable under the FLSA, in the event the donning of sanitary clothing is determined to be a principal activity. *See In re Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, 852 F.3d 601, 614 (6th Cir. 2017) ("But walking and travel remain compensable under the Act so long as they occur between two principal activities . . . "). Accordingly, the Court declines to dismiss these allegations at this stage of the proceedings.

FLSA claim fails, her OMFWSA claim fails as well. According to plaintiff, Ohio law does not incorporate the Portal-to-Portal Act and "no similar law has ever been passed in Ohio that excepts preliminary and postliminary acts from compensable time."

The OMFWSA, provides, in relevant part, as follows:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, *as amended*.

O.R.C. § 4111.03(A) (emphasis added). Section 7 of the FLSA pertains to the calculation of overtime compensation. *See* 29 U.S.C. §207. The Portal-to-Portal Act is an amendment to the FLSA, which specifically sought to clarify the overtime compensation provisions of the FLSA, i.e. Section 7. *See* 29 U.S.C. § 254. *See also IBP, Inc. v. Alvarez*, 546 U.S. 21, 24 (2005) (characterizing the Portal-to-Portal Act as an amendment to the FLSA). Thus, under the express direction of O.R.C. § 4111.03, overtime claims brought under the OMFWSA are evaluated in the same manner as claims brought under Section 7 of the FLSA, which would include the Portal-to-Portal Act. *See Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n. 1 (6th Cir. 2016)("Because the FLSA and the OMFWSA have the same overtime requirements, the outcomes will be the same and the claims can be evaluated together."); *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, n.2 (6th Cir. 1997) (interpreting the FLSA and Ohio laws "in a unitary fashion" because the statutes "parallel[ ]" each other.); *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007)(finding O.R.C. § 4111.03(A) "expressly incorporates the standards and principles found in the FLSA").[4]

---

[4] Plaintiff argues the Sixth Circuit "decided this very issue" in *In re Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour*

Accordingly, the Court agrees with defendants that plaintiff's FLSA and OMFWSA overtime claims are evaluated in tandem with each other. Ultimately, however, despite agreeing with defendants on this point of law, because the Court is finding plaintiff's FLSA claim survives, plaintiff's OMFWSA claim survives as well. The Court therefore DENIES this portion of Defendants' Motion to Dismiss.

**CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss (Doc. 19) is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/5/20

---

*Litigation*, 905 F.3d 387 (6th Cir. 2018). However, in this case, the Sixth Circuit declined to find that either Nevada or Arizona adopted the Portal-to-Portal Act. *Id.* at 404, 405. It did not evaluate the provisions under Ohio law. The Sixth Circuit, when evaluating the relevant Ohio Revised Code provisions, has specifically found that Ohio overtime claims are evaluated in the same manner as FLSA overtime claims. *See Craig*, 823 F.3d at 385 n. 1; *Thomas*, 506 F.3d at 501.