**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Arnetta Duncan-Watts, ) | CASE NO. 1:19 CV 01437 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| Vs. ) | |
| ) | Memorandum of Opinion and Order |
| Nestle USA, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

This matter is before the Court upon plaintiff's Motion for Conditional Certification and Court-Authorized Notice (Doc. 20). This case arises out of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). For the reasons that follow, plaintiff's Motion for Conditional Certification and Court-Authorized Notice is DENIED.

## FACTS

Plaintiff, Arnetta Duncan-Watts, filed this lawsuit, on behalf of herself and all others similarly situated, against defendants Nestle USA, Inc. and Nestle Prepared Foods Company

("defendants"), asserting overtime violations under both the FLSA and Ohio law.

Defendants are subsidiaries of Nestle S.A. ("Nestle"), the world's largest food and beverage company. Plaintiff was employed by Nestle USA, Inc. for approximately 18 years in their Solon, Ohio facility. She was a production employee, involved in the manufacturing, packaging, and handling of food. She was non-exempt and paid hourly.

According to the First Amended Complaint ("Complaint"), defendants are regulated by the U.S. Food and Drug Administration ("FDA") and are subject to the Federal Food, Drug, and Cosmetic Act ("FDCA"). In enforcing the FDCA, the FDA has imposed Good Manufacturing Practices ("GMP") for the manufacturing, packing, and holding of human food. The GMP has an entire section of regulations for those working in direct contact with food, food-contact surfaces, and food packaging materials, including wearing certain outer garments, gloves, and hairnets. If defendants do not comply with the GMP they could be held criminally liable. Accordingly, plaintiff "and other similarly situated employees who are involved in the manufacturing, packaging, or handling of food" could not "complete their work unless they are wearing the sanitary clothing and other protective equipment required by law." This included "sanitary clothing, uniforms, pants, shirts, lab coats, hair nets, gloves, steel-toed shoes, and safety glasses."

Plaintiff alleges that she and other similarly situated employees were required to "don the sanitary clothing and other protective equipment required by law while at Defendants' facility, but prior to clocking in at the start of their shift." At the end of their shift, plaintiff and other similarly situated employees "were required to clock out prior to doffing their sanitary clothing and other protective equipment." Plaintiff claims that defendants violated the FLSA and OMFWSA regarding pay for pre- and post- shift activities involving the "donning and doffing"

of the required sanitary clothing and protective equipment.

In addition to the Complaint, plaintiff has submitted her own declaration as well as those of six opt-in plaintiffs. Plaintiff's declaration states that she was employed by Nestle USA, Inc, in its Solon, Ohio facility. Similar to the Complaint, plaintiff states that she was required to don personal protective equipment and sanitary clothing at the facility, but before clocking in. She was required to clock out prior to doffing this same equipment and clothing at the end of her shift. She asserts that she was not paid for this donning and doffing time, which resulted in 50-85 minutes of unpaid time each week. She states that she "observed many other employees at Nestle's Solon facility who were also required to don and doff personal protective equipment and sanitary clothing while they were off the clock." Opt-in plaintiff Anthony Madden submitted a declaration stating that he was employed by Nestle, USA, Inc. in its Solon, Ohio facility. Like plaintiff, he states that he was required to don and doff personal protective equipment and sanitary clothing at the facility, but was not paid for this time. He asserts that this resulted in 50-85 minutes of unpaid time per week. He also states that he "observed many other employees at Nestle's Solon facility who were also required to don and doff personal protective equipment and sanitary clothing while they were off the clock." Opt-in plaintiffs April Mitchell, Emery Love, Issac Green, Nicole Harvey, and Omar Thomas, Sr. submitted identical declarations.

Plaintiff moves to conditionally certify a class consisting of:

all present and former hourly employees of Defendants' facility in Solon, Ohio who were required to don and doff sanitary clothing and other protective equipment, but were not paid for that time during the period from June 21, 2016 to the present[1]

---

[1] In her reply brief, plaintiff clarifies that this proposed class only includes non-exempt employees.

Defendants oppose the motion.

### **STANDARD OF REVIEW**

An employee may sue for violations of the FLSA on his or her own behalf and as a representative plaintiff on behalf of similarly situated employees. 29 U.S.C. § 216(b). The similarly situated employees must opt-in by "giv [ing] [their] consent in writing to become such ...part[ies] and such consent [must be] filed in the court in which such action is brought." *Id.* This type of suit is called a "collective action." A district court may, in its discretion, facilitate notice of the collective action to potential opt-in plaintiffs to efficiently adjudicate the FLSA collective action. *See Hoffman-La Rouche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Before deciding whether an action may proceed as a collective action, a court must determine whether the prospective opt-in plaintiffs are similarly situated. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). Courts generally use a two-stage approach to determine this issue. *Id*. *See also Murton v. Measurecomp*, *LLC*, 2008 WL 5725631, *2 (N.D. Ohio 2008). In the first stage, which takes place at the beginning of discovery, courts require only a "modest factual showing" that the plaintiff's position is similar to that of other employees. *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). This is a "fairly lenient" standard and "typically results in 'conditional certification' of a representative class.'" *Id.* at 547 (internal citations omitted). At the notice stage, a district court does not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (N.D. Ohio 2011).

During the second stage, the court makes a final determination on whether opt-in class members are similarly situated based upon a thorough review of the record after discovery is

completed. *Schwab v. Bernard*, 2012 WL 1067074, *2 (N.D. Ohio 2012). This final certification decision is normally based on a variety of factors, including "factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 584 (6th Cir. 2009), *abrogated in part on other grounds, Consumer Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016) (internal citations omitted).

**ANALYSIS**

Plaintiff asserts that she has met the fairly lenient burden for conditional certification. She argues that her own declaration, as well as the declarations of the six potential opt-in plaintiffs, provide evidence of a "class-wide practice of not paying Plaintiff and others similarly situated for all hours worked," resulting in FLSA overtime violations. Plaintiff maintains that the determination of whether donning and doffing time is compensable under the FLSA is a merits issue that is inappropriate for consideration at the conditional certification stage.

Defendants argue that conditional certification should be denied because plaintiff and the six potential opt-ins have provided no evidence regarding their job duties.[2] Defendants present evidence that there are approximately 120 different job positions within the Solon, Ohio plant, many of which do not involve direct contact with food, food packing, or food services.[3]

---

[2] Defendants also argue conditional certification should be denied because plaintiff's claim fails as a matter of law. The Court has already rejected this argument when denying defendants' Motion to Dismiss.

[3] Defendants also present evidence of their "Timekeeping/Uniform Change Policy," which appears to conflict with some of plaintiff's allegations. However, the Court did not consider this evidence because it is not permitted to make credibility determinations. *See Houston v. Progressive Casualty Insurance, Co.*, 2015 WL 8527339, *3 (N.D. Ohio 2015).

Defendants reason that because "donning and doffing" time is not automatically compensable under the FLSA, plaintiff and the potential opt-ins must provide some evidence of their job duties to establish that they are similarly situated and unified under a common theory of liability.

Upon review, the Court finds plaintiff has not made the modest factual showing required at the initial stage of class certification at this time. The potential opt-in plaintiffs' declarations provide evidence that defendants did not pay their employees for the time spent donning and doffing protective equipment and sanitary clothing. This, however, is not an FLSA violation in itself. Indeed, the time spent donning and doffing clothing and equipment is only compensable and, therefore, can only trigger FLSA overtime violations, if such donning and doffing is "integral and indispensable to the principal activities that an employee is employed to perform." *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 37 (2014). Here, none of the declarations offered provide any detail as to what job title or position the potential opt-ins held at the defendants' Solon, Ohio facility, or whether such donning and doffing was integral and indispensable to their principal activities. Accordingly, plaintiff has not made a factual showing that the potential class is similarly situated, i.e., plaintiff's position is similar to that of other employees or they allegedly all suffer from a single, FLSA violating policy. *See O'Brien,* 575 F.3d at 585; *Comer*, 454 F.3d at 546–47.

Plaintiff maintains that regardless of a difference in job duties, the proposed class is unified by common theories of defendants' statutory violations. The Court acknowledges that a variation among job duties or titles is often not relevant to determining if a proposed class is similarly situated. *See Arocho v. Crystal Clear Bldg. Services, Inc*., 2013 WL 1855978, *2 (N.D. Ohio 2013). However, plaintiff's FLSA overtime violation theory hinges upon her job duties. Plaintiff's own Complaint illustrates this. Plaintiff's allegations center on the integral

and indispensable nature of the donning and doffing of this equipment and sanitary clothing with respect to her job in food production.  She characterizes herself and the putative class members as employees being "involved in the manufacturing, packaging, or handling of food."  In her motion for conditional certification, however, plaintiff seeks to certify a broader class, consisting of "all present and former hourly employees of Defendants' facility in Solon, Ohio who were required to don and doff sanitary clothing and other protective equipment."[4]  Plaintiff has provided no allegations or argument from which the Court can even infer what the theory of liability with respect to employees that are involved in jobs other than food production would be, such as those in maintenance and sanitation positions.  Moreover, the attached declarations from the six potential opt-ins do not establish how these individuals plan to assert FLSA overtime violations because they do not describe what they do in the course of their employment with defendants.

Plaintiff maintains that the declarations, which establish that overtime violations occurred because hourly employees were not paid for donning and doffing protective and sanitary equipment, is enough to show a common theory of liability.  However, certifying such a broad class would involve multiple different theories of FLSA overtime violations.  For example, plaintiff alleges that because she was involved in the manufacturing, packaging, and handling of food, wearing sanitary clothing and protective equipment was integral and indispensable to her job and, therefore, such time is compensable under the FLSA.  However, such an argument would not necessarily be relevant to employees with no involvement in the manufacturing, packaging, or handling of food.  These employees would need to argue a different theory of

---

[4] The Court notes that in her brief in support of this motion, plaintiff switches gears again, characterizing these "similarly situated employees" as those "involved in the manufacturing, packaging, and handling of food."

liability in order to establish that such time was compensable under the FLSA. *See Goldstein v. Children's Hosp. of Philadelphia*, 2013 WL 664174, *6 (E.D. PA 2013) (denying conditional certification in part because plaintiff sought to include in her proposed class individuals with 68 different job titles, which would involve an inquiry into what each of these different job titles did to determine the compensability of maintaining uniforms under the FLSA).

Plaintiff argues that because the issue of whether the time spent "donning and doffing the necessary clothing and other protective equipment is compensable is a merits issue" it is "irrelevant to the conditional certification analysis." However, the Court is not reaching the merits of whether such donning and doffing is compensable. Rather, the Court finds that the proposed class would likely include a wide variety of theories as to why defendants should be held liable for FLSA overtime violations. *See O'Brien*, 575 F.3d at 585 (finding plaintiffs are similarly situated if they can show that "their claims [are] unified by common theories of defendants' statutory violations.") Indeed, liability in this case, as in other donning and doffing cases, will turn on whether the donning and doffing at issue is an ancillary "preliminary" and "postliminary" activity, or instead constitutes "an integral and indispensable part" of employees' principal job duties. *See* 29 U.S.C. § 254; *Steiner v. Mitchell*, 350 U.S. 247, 253 (1956); *Integrity Staffing*, 574 U.S. at 37.

Plaintiff argues that the existence of individualized and distinct theories within the class is insufficient to defeat conditional certification. However, there still must be some factual basis to support a finding that plaintiff is similarly situated to the proposed class members. The attached declarations do not provide evidence from which the Court can infer that any of these individuals are involved in food production like plaintiff, or are even sufficiently similar to each other to include them in a conditional class. At best, plaintiff's evidence shows that defendants'

hourly employees were not paid for donning and doffing protective equipment and sanitary clothing. As set forth above, however, this is insufficient to support conditional certification.

The Court acknowledges that it has the authority to narrow the scope of the proposed class, limiting it to perhaps those employees who are involved in the manufacturing, packaging, and handling of food. *See, e.g., Bauer v. Transtar Industries*, 2016 WL 1408830, *3-4 (N.D. Ohio 2016); *Arends v. Family Solutions of Ohio, Inc*., 2019 WL 4417674, *9 (N.D. Ohio Sept. 16, 2019). However, the declarations of the plaintiff and the six potential opt in plaintiffs do not indicate whether or not they would be representative of such a class. Nowhere in the declarations do any of these individuals indicate what job title or position they held at Nestle, or whether they were involved in any type of food production role. As such, even if the Court were inclined to narrow the class, the declarations presented by plaintiff are insufficient to allow this course of conduct.

Accordingly, plaintiff's Motion for Conditional Certification is DENIED. [5]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/5/20

---

[5] Since the Court is declining to conditionally certify the proposed class at this time, it need not address plaintiff's request for court-authorized notice.