__ __, 2020

## NOTICE OF SETTLEMENT OF LAWSUIT

**(with attached Consent and Release Form)**

TO: All current and former overtime eligible employees of Nestlé USA, Inc. or Nestlé Prepared Foods Company ("Defendants" or "Nestlé USA") who worked at Nestlé USA's Solon, Ohio facility and were required to don and doff sanitary clothing and other protective equipment at any time from April 30, 2017 to April 30, 2020.

FROM: Judge Patricia A. Gaughan, U.S. District Court for the Northern District of Ohio, Case No. 1:19-cv-011437-PAG (the "Court")

This Notice informs you of the settlement of a wage-and-hour lawsuit filed in the United States District Court for the Northern District of Ohio titled *Duncan-Watts v. Nestlé USA, Inc.*, Case No. 1:19-cv-01437 (N.D. Ohio) (the "Action") brought by Arnetta Duncan-Watts on behalf of all other similarly-situated current and former overtime eligible employees of Defendants' Solon, Ohio facility who were required to don and doff sanitary clothing and other protective equipment at any time from April 30, 2017 to April 30, 2020 ("Eligible Settlement Participants").

You are <u>not</u> being sued.  A court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY.  IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

### 1. Why am I receiving this notice?

The Settlement announced by this Notice makes individual settlement payments available to Eligible Settlement Participants.

On ____, the Court preliminary approved the Settlement of the Action (the "Settlement").  The Court's order granted final approval of certain settlement payments to Eligible Settlement Participants who timely submit the attached Consent and Release Form.

The Court's order also preliminarily certified a class action for settlement purposes only under Rule 23(b)(3) of the Federal Rules of Civil Procedures and preliminarily approved additional settlement payments to Eligible Settlement Participants.

You received this notice because Nestlé USA's records indicate that you are eligible to participate in the Settlement.

### 2. What is the Action about?

On June 21, 2019, a lawsuit seeking payment for additional wages was filed against Nestlé USA by Arnetta Duncan-Watts, who worked for Nestlé USA in an overtime eligible role in Nestlé USA's Solon, Ohio facility and was allegedly required to put on ("don") and take off ("doff") sanitary clothing and other personal protective equipment as part of her job.  The Action alleges that Nestlé USA unlawfully failed to pay Plaintiff and other Eligible Settlement Participants for all hours worked, including but not limited to overtime for alleged "off the clock" work in the form of "donning and doffing" time and related travel time while working at Nestlé USA's Solon, Ohio facility from April 30, 2017 to April 30, 2020 (the "Class Period").  The Action asserts claims on behalf of the Eligible Settlement Participants under the federal Fair Labor Standards Act as a collective action as well as similar state law claims as a class action on behalf of the Rule 23 Class Members.

Nestlé USA contends that its donning and doffing policy is legally compliant and was previously approved by the Department of Labor.  Nestlé USA also contends that Eligible Settlement Participants were able to don much of the required personal protective equipment outside of work and were required to be clocked in while they donned and doffed any other required clothing or equipment.  Nestlé USA also contends that any alleged donning and doffing time and associated travel time was *de minimis*.

| **3. What are my options under the proposed Settlement and how much will I receive?** ||
|---|---|
| **Do Nothing And Receive An Individual Wage Payment** | By doing nothing, you **will** receive an Individual Wage Payment if the proposed Settlement is finally approved of approximately _____, less applicable withholdings, in return for your release of claims as summarized in Section 11 below. |
| **Submit A Timely Consent And Release Form No Later Than _____ And Receive An Additional Individual Liquidated Damages Payment** | If you submit a timely Consent and Release Form (a copy of which is attached to this notice) and the Settlement becomes effective, you **will** receive an Individual Liquidated Damages Payment of approximately ____ **in addition** to your Individual Wage Payment, in return for your release of claims as summarized in Section 11 below. If you submit a timely Consent and Release Form, you may also receive as part of your Individual Liquidated Damages Payment a proportional share of any liquidated damages allocated to Eligible Settlement Participants who do not submit a timely Consent and Release Form as additional liquidated and other available non-wage relief under the FLSA and Ohio law. |
| **Ask To Be Excluded (Opt Out) No Later Than _____ And Receive No Recovery From the Settlement** | To exclude yourself entirely from the Settlement, you must submit a "Request for Exclusion" in writing to the Third-Party Administrator at its address listed below, with a postmark date of no later than _____ and **not** submit a Consent and Release Form. If you exclude yourself, you will not participate in these proceedings, nor will you receive any recovery from the Settlement. You will also retain the right to assert any claims you may have against Nestlé USA for which the deadline to file such claims has not already expired. |
| **Object No Later Than _____** | Object to the terms of this proposed Settlement. You cannot choose this option if you ask to be excluded from the proposed Settlement. Your written notice of intent to object must be postmarked by _____ |

**Your options are explained further in this notice.**

**You are automatically a participant in this Settlement unless you explicitly and timely exclude yourself from this Settlement; however, you will not receive your additional Individual Liquidated Damages Payment unless you timely sign and return the Consent and Release Form, as described below.**

**4. Why did the Action settle?**

The parties in this action disagree as to the probable outcome of the action with respect to liability and damages if it were not settled. Although she believes her claims have merit, Plaintiff recognizes that litigating is a risky proposition, and that she may not have prevailed on some or all of her claims. Likewise, while Nestlé USA is confident that it has strong defenses to Plaintiff's claims, it recognizes the risks, distractions, and costs involved with litigation. The Settlement is not an admission of wrongdoing. The parties attended a mediation conference and, recognizing the risks and costs inherent in litigation, reached the proposed Settlement of the claims asserted in the Action. This proposed Settlement is the result of good faith, arm's-length negotiations between the parties, through their respective attorneys. Both sides agree that this Settlement is fair and reasonable under the circumstances, and in the best interests of the Plaintiff and the Eligible Settlement Participants.

**5. Has the Court decided who is right?**

No. The Court has made no decision regarding the merits of Plaintiff's allegations or Nestlé USA's defenses.

### 6. What are the terms of the proposed settlement?

The Total Eligible Settlement Amount is $254,750.00. From this amount, $149,153.87 will be available for payments to Eligible Settlement Participants. Of this:

- $74,576.94 will be divided into individual wage payments ("Individual Wage Payments") for Eligible Settlement Participants. Individual Wage Payments still need final approval by the Court. You are eligible for an Individual Wage Payment if you do not opt out of the Settlement as described in No. 13 below.

- $74,576.93 will be divided into individual liquidated damages payments ("Individual Liquidated Damages Payments") for Eligible Settlement Participants. Individual Liquidated Damages Payments have received final approval by the Court. You are eligible for an Individual Liquidated Damages Payment if you return the attached consent and Release Form.

Additionally, the following amounts will be deducted from the Total Eligible Settlement Amount: a class Representative Payment to Arnetta Duncan-Watts for her role as class representative and for signing a general release of all her claims, in the amount of $5,000.00; attorney's fees in the amount of $84,916.67; costs of the suit in the amount of $7,040.35; and employer's share of taxes in the approximate amount of $8,639.11.

### 7. What do I have to do to join the Action and receive an Individual Wage Payment?

If you wish to receive an Individual Wage Payment under the terms of the Settlement, you do not have to do anything. However, it is important that if your address has changed, you give your current mailing address to the Settlement Administrator in order to ensure you receive your share of the Settlement proceeds if the proposed Settlement is finally approved. You will be covered by the release summarized in Section 11, below.

### 8. What do I have to do to receive the additional payment called Individual Liquidated Damages Payment?

To receive an Individual Liquidated Damages Payment, you must complete and return the attached Form entitled "Consent and Release Form" no later than __, 2020. You can return the Consent and Release Form by: [ENTER procedure for Third-Party Administrator]

It is important that if your address has changed or changes prior to receiving your settlement payment, you give your current mailing address to the Third-Party Administrator in order to ensure you receive your share of the Settlement proceeds.

### 9. When will I receive my settlement payments?

Settlement payments will be made within approximately 60 days after the Court finally approves the Rule 23 Settlement and the settlement becomes final and effective. We estimate that process will take approximately six months, but it could be earlier or later depending on the Court's schedule and the outcome of that approval process.

Please note that you must cash your settlement payment(s) within 90 days from issuance. If you do not the checks will become void, will not be reissued, and you will still be bound by the Release summarized in Section 11 below.

### 10. How were my settlement payments calculated?

Class Counsel calculated each Eligible Settlement Participants' share of the Total Eligible Settlement Amount (minus Class Representative Payment, Class Counsel's attorney's fees and expenses and the employer's share of payroll taxes) by considering each Eligible Settlement Participants' number of work weeks in a relevant role during the Class Period. All Eligible Settlement Participants were allocated a minimum of $20.00 of the Total Eligible Settlement Amount.

### 11. What rights am I giving up?

The claims you will release against Nestlé USA and all affiliated parties and entities, including past and present affiliates, parents, subsidiaries, predecessors, owners, members, successors, shareholders, divisions, and each of these entities' past and present directors, officers, employees, partners, agents, shareholders, trustees, administrators, fiduciaries, attorneys, representatives and assigns, vendors and third-party staffing providers are as follows:

All federal, state and local wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Action, the Complaint, the Amended Complaint, and all other claims pertaining to Defendants' alleged non-payment of unreported or unpaid wages, including but not limited to wages for time allegedly spent donning or doffing and associated travel and including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorney's fees, and expenses and including but not limited to claims under Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act up to the date the Court enters final approval of the Rule 23 Settlement and the Settlement becomes final and effective.

### 12. How will my settlement payments be treated for tax purposes?

Your Individual Wage Payment will be treated as 100% payment for wages and 100% shall be reported as wages on an IRS Form W-2 issued by the Third-Party Administrator (with applicable tax withholdings).

Your Individual Liquidated Damages Payment will be treated as 100% for liquidated damages and, if required, 100% shall be reported to the IRS by the Third-Party Administrator as non-wage income on a Form 1099-MISC. No taxes will be withheld from the non-wage income. However, you may still owe taxes with respect to that amount.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor. Neither Nestlé USA nor Counsel for the Parties make any representations as to the taxability or non-taxability of any payments pursuant to this Settlement, and nothing in this Notice should be construed as tax advice by or on behalf of Nestlé USA.

### 13. What if I do not wish to be part of the proposed Settlement?

To exclude yourself entirely from the Settlement you must:

1. Not return a timely Consent and Release; and

2. Sign and mail a Request for Exclusion letter by _____ to the Third-Party Administrator as follows:

[ENTER Third-Party Administrator information]

If your Request for Exclusion is postmarked after ____, it will be rejected and you will be a Rule 23 Class Member and be bound by the Settlement terms.

To be valid, any Request for Exclusion must state the case name and number, contain your name, address, telephone number, and email address (if applicable) and be personally signed by you.

### 14. What if I have an objection?

Any objection to the proposed Rule 23 Settlement must be in writing and state the case name and number; specify the basis for your objection; provide your name, address, telephone number, and email address; and indicate whether you intend to appear at the Final Approval Hearing, either with or without counsel. In addition, you must personally sign the objection and, if you are represented by counsel, then your counsel must sign as well. The objection must be mailed to the Third-Party Administrator (identified above in Question 13) by _____. **PLEASE DO NOT TELEPHONE THE COURT.**

### 15. Do I need a lawyer?

You do not need to hire your own lawyer, because Class Counsel is working on your behalf and are being paid from the Total Eligible Settlement Amount.  However, you have the right, but are not required to, enter an appearance in this Action through another attorney at your expense.  The below are Class Counsel in this Action:

Hans A. Nilges
Jeffrey J. Moyle
Nilges Draher LLC
7266 Portage Street NW
Suite D
Massillon, OH 44646
Phone:  234-401-9089
jmoyle@ohlaborlaw.com
hans@ohlaborlaw.com

### 16. When and where will the Court decide whether to approve the settlement?

The Court has scheduled a Fairness Hearing at _____ on _____ [INSERT DATE AND TIME] at the United States District Court for the Northern District of Ohio, Carl B. Stokes United States Court House, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113. The hearing may be moved to a different date or time without notice, so if you plan to attend, you should call or email Class Counsel for current information. At this hearing, the Court will consider whether the Rule 23 Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak about an objection (*see* Objecting to the Settlement). At or after the hearing, the Court will decide whether to approve the Rule 23 Settlement.

Class Counsel will answer any questions that the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

You, or an attorney you hire at your own expense, may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Duncan-Watts v. Nestle USA, Inc.*, Case No. 1:19-cv-01437 (N.D. Ohio)."  Be sure to include your name, address, telephone number, your signature, any documents you will seek to introduce and witnesses who you want to testify at the hearing. Your Notice of Intent to Appear must be postmarked no later than _____, 2020 **[20 days prior to date of fairness hearing]**, and be sent to the Clerk of Court, Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113.

### 17. How can I receive more information?

This Notice is a summary of the basic terms of the proposed Settlement.  The precise terms and conditions of the Proposed Settlement is on file with the Court.  For further information, you may contact Class Counsel (listed above) or call the Third-Party Administrator at the telephone number designated for this Action:  _____.

**PLEASE DO NOT CONTACT THE COURT**

## CONSENT AND RELEASE FORM

By signing and returning this form, I consent to opt into the lawsuit, *Duncan-Watts v. Nestle USA, Inc.,* Case No. 1:19-cv-01437 (N.D. Ohio) (the "Action") pending in the U.S. District Court for the Northern District of Ohio.

**I understand that I will receive an Individual Liquidated Damages Payment of approximately _____, plus a proportional share of any liquidated damages allocated to Eligible Settlement Participants who do not submit a timely Consent and Release Form.** The Individual Liquidated Damages Payment will be treated as 100% for payment of liquidated damages and, if required, the Third-Party Administrator will issue a Form 1099-MISC. for the payment. No taxes will be withheld from this non-wage income. However, I may still owe taxes with respect to that amount. In the event that it is subsequently determined by the IRS or any other applicable taxing authority that I owe any additional taxes with respect to any settlement payment I receive, it is expressly agreed that the determination of any tax liability is between me and the taxing authority, and that Nestlé USA will not be responsible for the payment of such taxes, including any interest and penalties.

I agree to be represented by the firm of Nilges Draher LLC, and to be bound by the settlement. I consent to the filing of this form, and the dismissal of the Action and my claims by and through Representative Plaintiff. I designate Representative Plaintiff and the firm of Nilges Draher LLC to execute all appropriate documents to effectuate my payment and the settlement of the Action.

I hereby release Nestlé USA and all affiliated parties and entities, including past and present affiliates, parents, subsidiaries, predecessors, owners, members, successors, shareholders, divisions, and each of these entities' past and present directors, officers, employees, partners, agents, shareholders, trustees, administrators, fiduciaries, attorneys, representatives and assigns, vendors and third-party staffing providers from all federal, state and local wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Action, the Complaint and Amended Complaint and all other claims pertaining to Nestlé USA's alleged non-payment of unreported time or "off-the-clock" work, including but not limited to wages for time allegedly spent donning or doffing and associated travel and including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorney's fees, and expenses and including but not limited to claims under Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act up to the date the District Court enters final approval of the Rule 23 Settlement and the Settlement becomes final and effective.

**I have carefully read and fully understand all items in this agreement and am voluntarily signing it.** I understand that if I have any questions, I know I have the right to discuss this agreement with the Nilges Draher LLC. I also understand that any issues relating to this agreement will be addressed under the laws of the State of Ohio.

**PLEASE READ AND CONSIDER THIS AGREEMENT CAREFULLY BEFORE EXECUTING THIS AGREEMENT. THIS AGREEMENT INCLUDES A RELEASE OF ALL WAGE AND HOUR CLAIMS THAT WERE ASSERTED IN THE ACTION.**

{First Name Last Name}
{Address}
{City, State Zip}

Signature: _____  Date: _____

*Please make any address corrections:*

Street Address: _____  Phone (optional): _____

City, State, Zip: _____  Email (optional): _____

**Sign and return to:**
[Contact Information For Third-Party Administrator]
**Must be Signed and postmarked, faxed, or emailed by \_\_\_\_ \_\_, 2020**