UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARNETTA DUNCAN-WATTS, on behalf of herself and all others similarly situated, | ) CASE NO.: 1:19-cv-01437 ) |
| | ) CHIEF JUDGE PATRICIA A. |
| Plaintiff, | ) GAUGHAN |
| | ) |
| vs. | ) |
| | ) |
| NESTLE USA, INC., et al., | ) **FINAL ORDER AND JUDGMENT** |
| | ) |
| Defendants. | ) |
| | ) |

This case was brought as a putative class and collective action alleging the non-payment of wages/overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ *et seq.* and state law. Plaintiff Arnetta Duncan-Watts ("Representative Plaintiff", "Class Representative," or "Plaintiff") and Defendants Nestlé USA, Inc. and Nestlé Prepared Foods Company ("Defendants") have moved the Court to finally approve, as fair and reasonable, their Joint Stipulation of Settlement and Release (the "Settlement" or "Settlement Agreement") between Plaintiffs and Defendants pursuant to Fed. R. Civ. P. 23(e).

The Settlement has both a Rule 23 (the "Rule 23 Settlement") and FLSA (the "FLSA Settlement") component. The Court previously granted final approval of the FLSA Settlement and preliminary approval of the Rule 23 Settlement. Having reviewed the Settlement Agreement, as well as the Parties' Motion for Final Approval of Class Action Settlement Agreement ("Motion for Approval"), the Declaration of Jeffrey Moyle appended thereto, the Declaration of Jennifer Smith for Rust Consulting, Inc. appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1.      Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2.      On June 21, 2019, Representative Plaintiff Arnetta Duncan-Watts initiated this collective action against Defendants Nestlé USA, Inc. and Nestlé Prepared Foods Company ("Defendants") and alleged that Defendants unlawfully failed to pay Plaintiff and other similarly-situated overtime eligible employees ("Eligible Settlement Participants") for all hours worked, including but not limited to overtime for alleged "off the clock" work in the form of "donning and doffing" time and related travel time in violation of the FLSA, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.  On August 29, 2019, Plaintiff filed her Amended Complaint alleging the same claims.

3.      On November 26, 2019, the Parties participated in an all-day mediation session before private mediator Michael Ungar.  The Parties were not able to reach a resolution at the mediation.  However, in the following months the Parties continued to negotiate.  With the assistance of Mr. Ungar, the Parties reached an agreement to settle the Action on the terms set forth in this Agreement.  The Settlement has both a Rule 23 Settlement component and an FLSA Settlement component to cover the largest number of participants.  Part of the Settlement is for an "opt-in" FLSA settlement collective class.  The remaining part is for a Rule 23 settlement of the parallel Ohio state law claims.

4.      The Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Class Action Settlement was filed on July 14, 2020.

5.      The Settlement Agreement proposes to settle claims of Representative Plaintiff and the proposed Rule 23 Class Members.  The proposed Rule 23 Settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

6.     The issues in this case were contested.  The Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and corresponding state law wage and hour claims.

7.     On July 17, 2020, this Court entered an Order that, among other things, preliminarily approved the Rule 23 Settlement, certified the Rule 23 Class pursuant to Rule 23(a) and (b)(3), and approved the form, content, and method of distribution of notices to Rule 23 Class Members of the pendency of this Action, the proposed Rule 23 Settlement, and the date of the Fairness Hearing ("Rule 23 Class Notice").  The Court also preliminarily approved Representative Plaintiff Arnetta Duncan-Watts as class representative of the Class and appointed as class counsel Jeffrey J. Moyle and Hans A. Nilges of Nilges Draher LLC, and the payment of attorneys' fees and costs to Plaintiffs' Counsel as set forth in the Settlement.

8.     Counsel has filed with the Court a Declaration from the Settlement Administrator, Jennifer Smith of Rust Consulting, Inc., verifying that the Rule 23 Class Notice was distributed to the Rule 23 Class Members in the form and manner approved by the Court.

9.     The Fairness Hearing was convened as noticed on November 13, 2020.

10.    The Court finds that the members of the Rule 23 Class were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court.  The Court further finds that the notice was reasonable and the best notice practicable, and satisfied all of the requirements of Civ. R. 23 and due process.

11.    As to Representative Plaintiff and the Rule 23 Class, the Court finds that the proposed Rule 23 Settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e).  The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority.  Representative Plaintiff Arnetta Duncan-Watts is

an adequate representative of the Rule 23 Class in that she is a member of the class and possesses the same interests and suffered the same injuries as the class's other members. The definition of the Rule 23 Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Rule 23 Class are commensurate with their alleged claims. The Court finds that the proposed Rule 23 Settlement is fair, reasonable, and adequate as to the Rule 23 Class, and qualifies for final approval under Rule 23(e).

12. The Court grants final approval of the Rule 23 Settlement and orders that the Rule 23 Settlement be implemented according to its terms and conditions and as directed herein.

13. The Court approves the method of calculation and proposed distribution of the Individual Wage Payments to the Rule 23 Class Members who did not timely opt-out of the Settlement by submitting a timely and proper request for exclusion as described in their Rule 23 Class Notice ("opt-out request") as provided in Appendix 1 to the Settlement Agreement. The Individual Wage Payments are calculated proportionally on each Rule 23 Class Member's alleged overtime damages during the Calculation Period depending on their tenure in a relevant role and hourly rate, after accounting for a minimum payment of $20.00. The Parties have submitted the proposed Schedule of Individual Wage Payments for the Rule 23 Class Members to the Court for approval. The Court approves the Schedule of Individual Wage Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement to all the Rule 23 Class Members who did not submit an opt-out request.

14. The Court approves the Service Award to Representative Plaintiff in recognition of her service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

4

15.     The Court approves the payment of attorneys' fees and expenses as provided in the Settlement Agreement as to the Rule 23 Settlement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

16.     Representative Plaintiff and Rule 23 Class Members who did not submit opt-out notices are deemed to have signed and agreed to the Settlement and accordingly are found to have released all Released Claims against the Released Parties as provided in the Settlement Agreement and all such Rule 23 Class Members and their successors are permanently enjoined from asserting any Released Claims against the Released Parties.

17.     The Court DISMISSES THIS ACTION WITH PREJUDICE.

18.     The Parties are to bear their respective attorney's fees and costs except as provided in the Settlement Agreement.

19.     The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

20.     There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED this _13th_ day of _NOV._____, 2020.

**SO ORDERED:**

Date:  _11-13-20_____          _____
                                   Honorable Chief Judge Patricia A. Gaughan

5